IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIE C. BATCH,

    Plaintiff,

vs.                                                                                      CASE NO. CV-04-J-3906-S

JEFFERSON COUNTY CHILD
DEVELOPMENT COUNCIL, INC.,

    Defendant.

## MEMORANDUM OPINION

Pending before the court is the defendant's motion for summary judgment (doc. 23). In response, Plaintiff filed an affidavit (doc. 26) and a brief (doc. 31). The court has considered the motions, evidence, and arguments submitted by the parties in support of their respective positions.

### I.  FACTUAL BACKGROUND

#### A.  Discrimination Claim

Plaintiff Willie C. Batch, a black man, was hired by Defendant Jefferson County Child Development Council as a "Computer Specialist" on November 22, 1996. Batch Aff. ¶¶ 2-3. On February 15, 1997, Plaintiff was promoted to his current position as "Computer Systems Manager." Batch Aff. ¶ 7. At the outset of

1

his employment, Plaintiff acknowledged receipt of a copy of Defendant's sick leave policy. Batch Depo. at 81-82.

Pertinent provisions of Defendant's sick leave policy read as follow:

1. Sick leave may be granted to all employees at the rate of one (1) day per month or twelve (12) days per year.

2. Employees may carry over accrued sick leave from one fiscal year to the next, but not exceed forty (40) work days...

6. The employee's supervisor *may* request a physician's verification of *any* medically related leave. All medical leave longer than three (3) days requires a written statement from the employee's physician. Ex. 6 to Batch Aff. (emphasis added).

During 1997 and 1998, Plaintiff admittedly had an attendance problem. Batch Depo. at 75, 77-78. Plaintiff attributes his attendance problem to his concurrent employment with a former employer. Batch Depo. at 78. After being employed by Defendant for sixteen (16) months, Plaintiff had requested and been granted fifteen and three-fourths (15 3/4) days of paid leave. Def. Ex. 11. Of those sixteen days, 10 were on Mondays or Fridays, predominately on Mondays. Def. Ex. 11.

On April 20, 1998, Plaintiff's supervisor, Barbara Gordon, asked Plaintiff to

bring a "physician's statement" with each future sick-leave request. Batch Aff. ¶ 11. This request was made in accordance with Defendant's sick leave policy. *See* Ex. 6 to Batch Aff. Plaintiff said he brought in the excuses "the majority of the time." Batch Depo. at 78. Plaintiff went on to say, "Ninety percent of the time I bring it in and show that my mom was having surgery, a death in my family, or something is going on." Batch Depo. at 78-79. When Plaintiff failed to submit a physician's statement for medical leave, the time was subtracted from his available vacation time. Batch Depo. 74. Plaintiff thought nothing was wrong with this policy because he had "an attendance problem." Batch Depo. at 75. Subsequently, when Plaintiff failed to bring a physician's statement for each portion of sick leave requested, his paycheck was docked for the requisite amount. Batch Depo. 55-56.

On November 3, 2004, Plaintiff requested that JCCDC rescind the practice requiring Plaintiff to bring a physician's statement with each incident of sick-leave absence. Batch Aff. ¶ 15. Plaintiff had made this request earlier. Ex. 9 to Batch Aff. Defendant did not rescind this policy toward Plaintiff.

### B. Retaliation Claim

In August of 2002, Plaintiff had an evaluation rating of 184 (significantly above average). Batch Aff. ¶ 31. On May 30, 2003, Plaintiff filed a charge of

discrimination with the EEOC. Batch Aff. ¶ 30. In July of 2004, Plaintiff had an evaluation rating of 121 (below acceptable). Batch Aff. ¶ 30. In the period after Plaintiff filed the EEOC charge, his workspace was also moved from a private office to an open area. Batch Aff. ¶ 32.

## II.  SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Supreme Court has explained the summary judgment standard as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp.,* 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes

demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In meeting this burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. Pro. 56(e); *Matsushita*, 475 U.S. at 587; *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. Am. Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991).

Additionally, the court may disregard affidavits submitted for summary judgment which contradict material facts given in an earlier sworn statement. Under Eleventh Circuit precedent, the court may disregard an affidavit submitted solely for the purpose of opposing a motion for summary judgment when that affidavit is directly contradicted by deposition testimony. *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1240 n. 7 (11th Cir. 2003). "When a party has

given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact [for summary judgment], that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." *Van T. Junkins and Assoc., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984).

### III.  DISCUSSION

The court must consider the evidence in the light most favorable to the plaintiff and may not make credibility determinations nor weigh the parties' evidence. *Frederick v. Sprint/United Mgmt. Co.* 246 F.3d 1305, 1311 (11th Cir. 2001); *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000). With these standards in mind, the court considers the plaintiff's claims.

The plaintiff asserts that the defendant applied its sick leave policy against him in a discriminatory manner due to his race and sex.  The plaintiff also asserts that the defendant retaliated against him for engaging in protected activity, namely the filing an EEOC claim.  The plaintiff has offered no direct proof of such discrimination or retaliation.

When evidence of discrimination is circumstantial in nature, the Supreme Court has fashioned a three prong test for focusing the court's examination of the evidence and allegations. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93

S.Ct. 1817 (1973); *Tex. Dep't. of Cmty. Affairs v. Burdine,* 450 U.S. 248; 252-253; 101 S.Ct. 1089, 1093-1094 (1981); *Busby v. City of Orlando*, 931 F.2d 764, 777 (11th Cir. 1991). First, the plaintiff must establish a *prima facie* case of discrimination. *McDonnell Douglas Corp.,* 411 U.S. at 802, 93 S.Ct. at 1824. Establishment of a *prima facie* case creates a presumption that the employer unlawfully discriminated against the employee. *Burdine*, 450 U.S. at 254, 101 S.Ct. at 1094; *Combs v. Plantation Patterns*, 106 F.3d 1519, 1528 (11th Cir. 1997). Meeting this burden creates a presumption of discrimination. *Combs*, 106 F.3d at 1528.

After the plaintiff has established a prima facie case, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the alleged discriminatory employment action. *Hall v. Ala. Ass'n of Sch. Bds,* 326 F.3d 1157, 1166 (11th Cir. 2003). The defendant can feasibly present such strong evidence of a nondiscriminatory rationale that summary judgment is warranted. *Brown v. Am. Honda Motor Co., Inc.,* 939 F.2d 946, 950 (11th Cir. 1991), *cert. denied*, 502 U.S. 1058 (1992)(quoting *Grigsby v. Reynolds Metals Co.,* 821 F.2d 590, 596 (11th Cir. 1987).

Once a defendant presents a legitimate, nondiscriminatory reason for its action, the presumption of discrimination drops from the case. *Burdine,* 450 U.S. at

255, 101 S.Ct. at 1094 n.10.  The plaintiff must then demonstrate by a preponderance of the evidence that the reason offered by the defendant was not the true reason for the employment decision, but rather a mere pretext for discrimination.  *McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. at 1825.  The employee may satisfy this burden by persuading the court that the proffered reason for the employment decision is not worthy of belief.  *Hall*, 326 F.3d at 1166.

The plaintiff has not established a prima facie case of race or gender discrimination.  The plaintiff meets his prima facie burden of proof by establishing that (1) he is a member of a protected class; (2) he was qualified for his job; (3) he suffered an adverse employment action; and (4) his employer treated similarly situated employees outside the protected classification more favorably.  *Rice-Lamar v. City of Fort Lauderdale*, 232 F.3d 836, 842-43 (11th Cir. 2000), citing *Holifield v. Reno*, 115 F.3d 1555, 1562-63 (11th Cir. 1997).

The parties do not dispute whether Plaintiff meets the first three elements of his prima facie case.  Plaintiff's status as a member of a protected class is not in dispute.  Also, Defendant does not deny that Plaintiff was qualified for his position.  The parties do not dispute whether Plaintiff's pay was docked.  However, the parties dispute whether similarly situated employees outside the protected class were treated more favorably than Plaintiff.  On this element, Plaintiff has not

8

presented any evidence tending to show that other similarly situated employees were treated more favorably. Rather, Plaintiff has only offered unsupported conclusions of law and assertions of fact which are not based on his personal knowledge. Such offerings do not create the "genuine issue of material fact" necessary to survive a summary judgment motion.

The plaintiff also makes a claim that he was retaliated against because he engaged in the protected activity of filing an EEOC claim. Again, to establish a prima facie case of retaliation for engaging in a protected activity, the court employs the *McDonnell Douglas* burden-shifting standard, discussed in detail, *supra*. The plaintiff must show that he (1) engaged in Title VII protected activity; (2) an adverse employment action occurred; and (3) a causal connection between the protected activity and the adverse employment action exists. *Brochu v. City of Riviera Beach*, 304 F.3d 1144, 1155 (11th Cir. 2002); *Sullivan v. Nat'l R.R. Passenger Corp.*, 170 F.3d 1056, 1059 (11th Cir. 1999).

The plaintiff has not established a prima facie case for retaliation. Although Plaintiff did participate in protected activity by filing EEOC charges, Batch Aff. ¶ 30, Plaintiff did not suffer an adverse employment action. "An adverse employment action is an ultimate employment decision, such as discharge or failure to hire, or other conduct that 'alters the employee's compensation, terms,

conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee.'" *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 587 (11th Cir. 2001).

Plaintiff asserts that after filing a charge of discrimination with the EEOC, the following actions occurred: (1) his employment evaluation rating fell from 184 ("Good-significantly above average") in August 2002, to 121 ("below acceptable") in July of 2004 and (2) his workspace was moved from a private office to an open area with "two doors which people would pass through to get to the break room." Neither of these actions constitute an adverse employment action. Batch Aff. ¶¶ 31-32.  With respect to the lowering of his evaluation rating, Plaintiff has presented no evidence that the evaluation ratings are used by JCCDC to determine the compensation received by its employees.   JCCDC management asserts that merit pay increases are not given at all by JCCDC, regardless of the evaluation rating received by the employee.  Moore Depo. at 236.  Plaintiff's evaluation rating did not alter his compensation or opportunities with JCCDC and therefore does not qualify as an adverse employment action under *Gupta*.  In fact, Plaintiff testified that his pay has never been lowered while working with the JCCDC.  Batch Depo. at 111.

With respect to the issue of his workplace location, Plaintiff alleges it was

changed from a private office to an open area as a result of filing an EEOC charge. Batch Depo. at 157. Changing an employee's workspace from a private office to an open area is not an adverse employment action under *Gupta*. Placing Plaintiff in an open workspace was not an ultimate employment action as required by *Gupta*. 212 F.3d at 587. Plaintiff's employment terms, status, privileges, or opportunities were neither adversely affected nor altered by this move. Plaintiff only asserts that he had difficulty concentrating due to the noise created by his co-workers as they carried out their job duties. Batch Depo. at 156. Furthermore, although Plaintiff was removed from a private office and placed in an open workspace after he filed an EEOC charge, this move also occurred after JCCDC moved to a new building. Batch Depo. at 155.

Plaintiff has not established a *prima facie* case for retaliation. Therefore, the court need not address the third prong (causal connection) of the retaliation analysis.

## IV.  CONCLUSION

Having considered the foregoing and the court finds that Plaintiff has failed to establish any genuine issue of material fact sufficient to allow this case to proceed to trial. It is therefore **ORDERED** that Defendant's motion for summary

judgment is **GRANTED**.  The plaintiff's claims shall be **DISMISSED WITH PREJUDICE** by separate Order.

>**DONE** and **ORDERED** this the 9th day of September, 2005.

>
>
>_____
>INGE PRYTZ JOHNSON
>U.S. DISTRICT JUDGE